# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kendrick Ledelle Dotstry, | Civ. No. 13-1424 (JRT/JJK) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mr. Scott Fisher & Successor, | |
| Respondent. | |

Kendrick Ledelle Dotstry, 091996-041, FCI-Sandstone, P.O. Box. 1000, Sandstone, MN 55072, *pro se*.

Gregory G. Brooker, Esq., Erika R. Mozangue, Esq., Pamela Marentette, Esq., Assistant United States Attorneys, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

The District Court has referred this matter to this Court for a Report and Recommendation concerning Petitioner Kendrick Ledelle Dotstry's ("Dotstry") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1 ("the Petition")). Dotstry is currently in the custody of the United States Bureau of Prisons ("BOP") and is confined at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). Dotstry claims that the BOP has wrongly denied his request to seek a reduced sentence under 18 U.S.C. § 3582(c)(1), which provides a limited set of circumstances when a court may modify a term of imprisonment. Ultimately, Dotstry asks the Court to issue an

Order compelling the Director of the BOP to file a motion on Dotstry's behalf seeking a reduction in his sentence. Because Dotstry is not entitled to the relief he requests, this Court recommends, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1, that his Petition be denied.

**FACTS**

Dotstry is currently serving a ninety-month sentence, to be followed by a five-year period of supervised release, based on his conviction for Conspiracy to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. No. 6, Decl. of Angela Buege ("Buege Decl.") ¶ 3, Att. A at 3); *United States v. Dotstry*, Crim. No. 08-344(3) (MJD/JJG), Doc. No. 155 (D. Minn. Oct. 9, 2009) (Sentencing Judgment). At the time that Chief Judge Michael J. Davis imposed the Sentencing Judgment, the Sentencing Guidelines established a mandatory minimum sentence of 120 months based on Dotstry's criminal history category and his offense level. (Buege Decl. ¶ 4); *see also* 21 U.S.C. § 841(b)(1)(A) (providing a ten-year minimum sentence and a maximum term of life in prison for violations of the prohibition on distributing controlled substances such as crack cocaine). However, because Dotstry provided substantial assistance in the investigation or prosecution of another person who has committed an offense, Judge Davis reduced Dotstry's prison term below the mandatory minimum. (Buege Decl. ¶ 4); *see* 18 U.S.C. § 3553(e) (allowing the court to impose a sentence below a statutory minimum on the Government's motion).

2

Several years after the District Court sentenced Dotstry, on February 10, 2012, Dotstry filed a motion asking Judge Davis to reduce his sentence based on retroactive application of amendments to the Sentencing Guidelines raising the amount of crack cocaine necessary to trigger mandatory minimum sentences. *United States v. Dotstry*, Crim. No. 08-344(3) (MJD/JJG), Doc. No. 170 (D. Minn. Feb. 10, 2012); (Buege Decl. ¶ 6, Att. B at 12); *see* Fair Sentencing Act of 2010. Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010); *United States v. Smith*, 632 F.3d 1043, 1035 (8th Cir. 2011) (explaining that the Act raised the amount of crack necessary to trigger a mandatory life sentence); *Davis v. Fisher*, (D. Minn. Nov. 12, 2010) (explaining that the Act amended the sentencing provisions of 21 U.S.C. § 841(b)(1) to raise the amount of crack necessary to trigger both the 5-year and 10-year mandatory minimum sentences). Dotstry made his motion seeking a reduced sentence under 18 U.S.C. § 3582(c)(2), which allows a court to modify "an imposed term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)[.]" Judge Davis denied Dotstry's request, concluding that he was ineligible for a sentence reduction because the Guideline range for Dotstry's crime remained at 120 months. *United States v. Dotstry*, Crim. No. 08-344(3) (MJD/JJG), Doc. No. 175 (Order Regarding Mot. for Sentence Reduction).

Now, in his habeas Petition, Dotstry again seeks a reduction in his sentence, but this time he has taken a slightly different approach. As he did in his February 10, 2012 motion to Judge Davis in his criminal case, Dotstry alleges

3

that he is entitled to a sentence reduction under changes to the Sentencing Guidelines, but rather than making the motion himself, he seeks an order compelling the Director of the BOP to file a motion requesting the reduction in his sentence. (Doc. No. 1, Pet. at 6–7, 11–12.) Unlike 18 U.S.C. § 3582(c)(2), which allows a "defendant" to make the motion himself and under which Dotstry made his February 10, 2012 motion, 18 U.S.C. § 3582(c)(1)(A) is only triggered by the Director of the BOP's own motion. 18 U.S.C. § 3582(c)(1)(A) ("upon motion of the Director of the Bureau of Prisons"). Section 3582(c)(1)(A) motions are procedurally governed by the Code of Federal Regulations, and these procedures require an inmate to submit the request in writing, setting forth the circumstances allegedly entitling him to sentence reduction under the statute, among other things. See 28 C.F.R. § 571.61. According to Respondent, Dotstry never submitted a written request to the warden of his facility, as required by the applicable regulation. (Buege Decl. ¶ 7.) However, Dotstry asserts that Respondent has prevented him from pursuing such an administrative request, and he claims that further attempts at an administrative resolution would be futile. (Pet. at 4–5.) In any event, it is clear from the record that the Director of the BOP has not filed any motion under § 3582(c)(1)(A) on Dotstry's behalf.

Respondent[1] opposes the Petition, arguing: (1) that the Court lacks jurisdiction; (2) that the Director of the BOP's decision not to file a § 3582(c)(1)(A) motion is not reviewable; (3) that Dotstry has failed to exhaust his administrative remedies; and (4) that Dotstry is not entitled to any sentence reduction. (Doc. No. 5, Resp't's Resp. to Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Resp. to Pet.") 7–14.)

## DISCUSSION

### I. Legal Standard

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The purpose of habeas corpus is to allow "an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus is a proper remedy under § 2241 only where the petitioner challenges the validity of his conviction or the duration of his confinement. *Id.* at 490; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

### II. Analysis

Dotstry's request for an order compelling the Director of the BOP to file a motion under 18 U.S.C. § 3582(c)(1) must be denied because the Court lacks

---

[1] The named Respondent, Scott Fisher, was the Warden at FCI-Sandstone, but has since been transferred. Fisher's successor is Denese Wilson, who should be substituted as the Respondent in this matter. *See* 28 U.S.C §§ 2242, 2243.

jurisdiction under 28 U.S.C. § 2241 to consider it.  Section 3582(c)(1) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a motion.

18 U.S.C. § 3582(c)(1)(A).

Several circuit courts of appeals have concluded that the BOP's decision not to file a § 3582(c)(1)(A) motion is not reviewable.  *Todd v. Fed. Bureau of Prisons*, 31 F. App'x. 833, 2002 WL 180708, at *2 (5th Cir. Jan. 11, 2002) (citing decision from the Seventh, Ninth, and Eleventh Circuits).  And as United States District Judge John R. Tunheim concluded in *Gutierrez v. Anderson*, where the BOP declines to file a motion to reduce a habeas petitioner's term of imprisonment, "the Court has no statutory authority to consider [such a] request for compassionate release."  Civil No. 06-1714 (JRT/JSM), 2006 WL 3086892, at *2 (D. Minn. Oct. 30, 2006).

This Court agrees with the conclusions of these courts and finds that the Director of the BOP's decision not to pursue a motion on Dotstry's behalf is not

6

reviewable by this Court. For this reason, this Court recommends that the Petition be denied and this case be dismissed.[2]

Dotstry's Petition does not clearly ask the Court to issue the writ of habeas corpus so that his sentence is reduced as he alleges it should be. Under 18 U.S.C. § 3582(c)(2), a court may not modify a term of imprisonment except:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). As noted above, Dotstry has already made such a motion to the sentencing court, and Judge Davis denied that motion. Dotstry has failed to show that as a result of Judge Davis's decision denying his motion for a reduction in his sentence, or for any other reason, he is in custody in violation of the Constitution or laws of the United States. Accordingly, this Court recommends that Dotstry's Petition be denied and this action be dismissed with prejudice.

---

[2] This Court offers no opinion whether Dotstry failed to exhaust his administrative remedies.

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition (Doc. No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Date: August 13, 2013

    *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 27, 2013,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.