# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KENDRICK LEDELLE DOTSTRY, | Civil No. 13-1424 (JRT/JJK) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| MR. SCOTT FISHER & SUCCESSOR, | |
| Respondent. | |

Kendrick Ledelle Dotstry, No. 091996-041, Federal Correctional Institution – Sandstone, Post Office Box 1000, Sandstone, MN 55072, *pro se*.

Gregory G. Brooker and Pamela Marentette, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, , Minneapolis, MN 55415, for respondent.

Petitioner Kendrick Ledelle Dotstry objects to a Report and Recommendation ("R&R") filed August 13, 2013, by United States Magistrate Judge Jeffrey J. Keyes. The Magistrate Judge recommended that this Court deny Dotstry's habeas petition and dismiss his case because this Court does not have the jurisdiction to consider it. Dotstry objects to the R&R's determination that this Court lacks jurisdiction. Because the R&R correctly determined that, absent a motion to reduce Dotstry's sentence from the Bureau of Prisons, this Court lacks jurisdiction under 28 U.S.C. § 2241 and will dismiss this case.

## BACKGROUND

In 2009, Dotstry pled guilty to Conspiracy to Distribute Cocaine and Cocaine Base. On October 6, 2009, this Court sentenced Dotstry to 90 months in prison. (Crim. No. 08-344(3), Sentencing Judgment, Oct. 9, 2009, Docket No. 155.) Dotstry is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.

In 2012, Dotstry asked this Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Crim. No. 08-344(3), Pro Se Mot., Feb. 10, 2012, Docket No. 170.) Section 3582(c) delineates the situations when a court may modify a term of imprisonment after it has been imposed, and § 3582(c)(2) permits a court to reduce a defendant's sentence when the guideline range applicable to that defendant has been subsequently lowered as a result of an amendment to the Guidelines Manual. On February 22, 2012, Dotstry's motion under § 3582(c) was denied because the Guideline range for Dotstry remained unchanged. (Crim. No. 08-344(3), Order, Feb. 22, 2012, Docket No. 175.)

Dotstry again alleges that he is eligible for a sentence reduction, but in his present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, he seeks an order compelling the Director of the Bureau of Prisons ("BOP") to file a motion requesting the reduction in his sentence. Although § 3582(c)(1)(A), provides that "upon motion of the Director of the Bureau of Prisons," the Court "may reduce the term of imprisonment," the Director of the BOP has not filed any motion on behalf of Dotstry. The R&R concluded that the Court lacks jurisdiction under 28 U.S.C. § 2241 to consider Dotstry's motion because, in the absence of a motion from the BOP, the Court has no authority to alter

Dotstry's sentence. Dotstry objects to the R&R's determination that the Court lacks jurisdiction.[1]

## ANALYSIS

The basic purpose of habeas corpus is to allow "an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus is a proper remedy under § 2241 only where the petitioner challenges the validity of his conviction or the duration of his confinement. *Id.* at 490; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Jurisdiction over a petitioner's § 2241 claim thus hinges on whether the petition is properly characterized as a challenge to the duration of confinement.

The Eighth Circuit has not decided the precise question of whether jurisdiction exists over a § 2241 petition challenging the BOP's decision not to file a motion under § 3582(c)(1)(A). This Court has previously found, however, that no jurisdiction exists over the BOP's denial of compassionate release under § 3582(c)(1)(A), *Gutierrez v. Anderson*, Civ. No. 06-1714, 2006 WL 3086892, at *2 (D. Minn. Oct. 30, 2006) and the Court is persuaded by this decision. The Court, thus agrees with the Magistrate Judge's conclusion that § 2241 does not confer jurisdiction over Dotstry's claim.

Even if Dotstry's challenge were proper under § 2241, § 3582(c)(1)(A) specifically bars the Court from reviewing the BOP's decision not to file a motion

---

[1] Dotstry also objects to the R&R's conclusion that he failed to exhaust his administrative remedies. But the R&R offered no opinion regarding Dotstry's failure to exhaust his administrative remedies. (R&R at 7 n.2.)

seeking a reduced sentence. *See Gutierrez*, 2006 WL 3086892, at *2 ("Because [the] BOP declined to file a motion to reduce petitioner's term of imprisonment, the Court has no statutory authority to consider petitioner's request for compassionate release.").[2]

Dotstry argues that this Court has jurisdiction because a court has the authority "to consider whether the BOP's discretionary decisions . . . are justified." (Pet.'s Obj. at 1, Aug. 28, 2013, Docket No. 10 (quoting *Roberson v. Copenhaven*, No. 1:12-CV-01074, 2013 WL 2286112, at *7 (E.D. Cal. May 23, 2013).) But *Roberson* states that a court has the jurisdiction "to consider whether the BOP's discretionary decisions **vis-à[-]vis a *nunc pro tunc* request** are justified." *Roberson*, 2013 WL 2286112, at *7 (emphasis added). As used in *Roberson*, a *nunc pro tunc* request is a request for the BOP to designate a state prison as the facility for service of a federal sentence when a prisoner's state and federal sentences are running concurrently. *See id.*; *see also Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010). A court's authority to consider a BOP's discretionary decision regarding a *nunc pro tunc* request has no bearing on its authority to review a BOP decision not to file a motion seeking a reduced sentence under § 3582(c)(1)(A).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Dotstry's objections [Docket No. 10] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated August 13, 2013 [Docket No. 9]. Therefore,

---

[2] *See also Todd v. Fed. Bureau of Prisons*, 31 F. App'x 833 (5th Cir. 2002); *Fernandez v. United States*, 941 F.2d 1488, 1492-93 (11th Cir. 1991); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990); *Turner v. United States Parole Comm'n*, 810 F.2d 612, 618 (7th Cir. 1987).

**IT IS HEREBY ORDERED** that Kendrick Ledelle Dotstry's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 6, 2013                 s/ John R. Tunheim
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                     United States District Judge